REQUESTED BY: Louis E. Lamberty, Director-State Engineer, Nebraska Department of Roads, P.O. Box 94759, Lincoln, NE, 68509.
1. Are files relating to certification of construction companies as Minority Business Enterprise public records which must be disclosed?
2. Is Minority Business Enterprise quota information that is submitted by an apparent low bidder on highway construction contracts public information subject to disclosure?
1. No.
2. Yes.
In your letter requesting this opinion, you describe a process wherein the Nebraska Department of Roads is required by federal regulations to examine information submitted by contractors wishing to qualify for status as Minority Business Enterprises. You further explain that this information relates to the ownership, personnel qualifications, and financial strength of the company seeking certification, and that companies certified as Minority Business Enterprises do not necessarily prequalify to bid at public lettings as required by Neb.Rev.Stat. § 39-1352 (Reissue 1978). We are of the opinion that such records are exempt from disclosure by Neb.Rev.Stat. § 84-712.05 (Reissue 1981), which reads in pertinent part as follows:
 The following records, unless publicly disclosed in an open court, open administrative proceeding or open meeting or disclosed by a public entity pursuant to its duties, may be withheld from the public by the lawful custodian of the records: . . .
 (5) Records developed or received by law enforcement agencies and other public bodies charged with duties of investigation or examination of persons, institutions, or businesses, when the records constitute a part of the examination, the investigation, intelligence information, citizen complaints or inquiries, informant identification, or strategic or tactical information used in law enforcement training; . . .
Obviously, the Nebraska Department of Roads is a public body charged with the duty of examination of businesses for certification as Minority Business Enterprises, and the records that are developed as a result of that examination are accordingly exempt from disclosure.
Minority Business Enterprise quota information that is submitted by an apparent low bidder on highway construction contracts, in our opinion, is public information. Neb.Rev.Stat. § 84-712.01 (Reissue 1981) provides as follows:
 (1) Except where any other statute expressly provides that particular information or records shall not be made public, public records shall include all records and documents, regardless of physical form, of or belonging to this state, any county, city, village, political subdivision, or tax-supported district in this state, or any agency, branch, department, board bureau, commission, council, subunit, or committee of any of the foregoing. Data which is a public record in its original form shall remain a public record when maintained in computer files.
 (2) Sections 84-712 to 84-712.03 shall be liberally construed whenever any state, county or political subdivision fiscal records, audit, warrant, voucher, invoice, purchase order, requisition, payroll, check, receipt or other record of receipt, cash or expenditure involving public funds is involved in order that the citizens of this state shall have full rights to know of, and have full access to information on the public finances of the government and the public bodies and entities created to serve them.
We can find no statute that expressly provides that the information in question should not be made public. Accordingly, we are of the opinion that such information is public record and should be disclosed. Parenthetically, we would mention that Neb.Rev.Stat. § 27-509 (Reissue 1979) authorizes the government to refuse to give evidence and to prevent any public officer from giving evidence as to communications made by or to such public officer in official confidence when the public interest would suffer by the disclosure. In the instant case, however, we are unable to see how the public interest might suffer from the disclosure of Minority Business Enterprise quota information. On the contrary, the records in question involve information on the public finances of the government and according to the construction demanded by Neb.Rev.Stat. § 84-712.01 (Reissue 1981), such records should be open to public inspection.
Very truly yours, PAUL L. DOUGLAS Attorney General John E. Brown Assistant Attorney General Approved:Paul L. Douglas
Attorney General